Johnson, J.
delivered the opinion of the Court.
The questions arising out of this case, are: — 1st. Whether John Neil, the plaintiff’s dormant partner, was a compe-' tent witness for him, he having released all his interest in this particular transaction. 2nd. Whether the plaintiff was bound to demand the cotton at the defendant’s gin-house, and to tender the money there, on the 1st of February, 1825. 3rd. Whether the defendant was bound to give notice to the plaintiff, that the cotton was ready to be delivered.
1st. The articles of copartnership between the plaintiff and Neil, are not before the Court, but it is conceded by the counsel, that they constituted a general agreement between them, to sh ire the profits and losses of a speculation in buying and selling cotton; and that the contract, on which this action is brought, was within the object of the partnership, and for their joint benefit: and, although his name does not appear in the contract, it will not be questioned, that Neil was intitled to all the *364 rights, atid subject to all the liabilities, that he would have been, ^e ha(] |^tí(:.u an ostensible partner.
The general rule is, that no one can be admitted as a witness, who, at the time when he is called to testify, has a certain and direct interest in the event of the suit, whether the interest arise from a benefit, or a liability, dependant on its determination. If of benefit alone,, then the witness might render himself competent by releasing that interest; hut if of liability, a release from those to whom he is liable, is absolutely necessary to remove the disability. This rule is m itself so plain, and its use so common, that its correctness-is never called in question. Indeed the only difficulty, connected with the subject, is to ascertain-what particular state of facts, growing out of the endless variety of contracts amongst men, creates a certain and direct interest in the event of a suit, which may or may not be released ; for the quantity of interest seems, in all cases, to be unimportant. if it be ever so inconsiderable, and is not, or cannot be released, the witness is incompetent.
As the partner of the plaintiff John ¡Veil had the power to release whatever of benefit he might expeet to derive from the determination of the suit; and so far as that interest was concerned, his disability was removed by his release. But it is equally obvious, that as a partner, he had also an interest of liability, which neither he, nor his partner, the plaintiff", was competent to release.
It does not appear that the firm was not in debt, or whether a profit or loss had been the result of their speculation : and, however, the plaintiff, or Neil, as between themselves, might think proper to arrange matters, their creditors have a claim upon their joint funds, winch they were incompetent to discharge. In default of these, they would have been bound to make good the deficiency, out of their individual funds; and this would have been a certain and necessary consequence of a verdict against the plaintiff, if, as the case supposes, they were in debt,, and bad made no profit: and if these facts are not true, the plaintiff ought to have shewn it, for be, and not the defendant, is presumed to know. But the direct and certain liability of Neil for the costs of this suit, if judgment should pass against the plaintiff, is without, the aid of any other cir- *365 eumstar.ee, conclusive against'his admissibility; and.that, he wasi ncompetent to release.
The cases, cited in support of the motion, do not appear'to me to have any direct bearing on the question. That of Wells v. Lane, 8 John. 36l, was an action on a penal statute; and the ground on which the Court admitted the members of a company of Shakers to nhich the defendant belonged, and who held all property in common, as competent witnesses for him, was, that the suit had no connexion with their association : and it was never yet do'ubted, that even a partner might be admitted us a witness, if the suit had no connexion with the partnership concerns. The cases of Mawman v. Gillet, and Lloyd v. Archbowle, cited from 2 Taunt. 325, 326, are equally inapplicable ; for in the first, the witness had no interest in common with the plaintiff, and in the other, he had been examined by consent.
'The 2d and 3d grounds involve the construction and legal effect of the written agreement between these parties; and may be conveniently" considered together. The writing contains no terms of art, or words of doubtful import; and when taken according to its plain and obvious intent, and meaning, it imports an agreement on the part of the defendant, to sell to the plaintiff 30 bales of cotton, and that he will deliver them to the plaintiff, at defendant’s own gin house, on or before the 1st of February, 1825 ; and on the part of the plaintiff, that for 29 of the bales, he will pay the defendant at the rate of 12J cents per pound, and at the rate of 8 cents per pound for the remaining-bale, without specifying at what time the money was to be paid.
All the obligation, which this agreement imposed on the defendant, was to have the cotton at his gin-house, ready to be delivered to the plaintiff on the day specified. The agreement does not itself provide, that he shall give notice to the plaintiff’, that it was ready to be delivered; nor do the circumstances imply it, or render it necessary. It was stipulated, that the plaintiff should be there himself to receive it; and if he had kept his part of the agreement, he would have known that it was ready. The evidence authorizes the conclusion, that defendant performed his contract to the letter, and that the cotton was ready at the time and place. The plaintiff was in default, *366 aud was himself liable to the defendant in an action for abreach 0f jjjs agreement; and I cannot see, by what means, he, of his own accord, could remove that liability, and give himself an action against the defendant."
ij>he obligations imposed by the agreement on the plaintiff, were, that he should be at the place, ready to receive the cotton on the day stipulated in the agreement,aud to pay the price. The time of payment, it is true, is not expressly provided for; but if we apply a plain, practical rule, to the interpretation of the agreement, we shall be at no loss in coming to the conclusion, that the defendant expected to be paid for the cotton when it was delivered; for he had not stipulated for further time of payment, and the rule is very clear, that when nothing is said as to the time of payment, the purchaser is not intitled to the goods, unless he pays or tenders the price, and that as a condition precedent to the delivery. 2 Kent’s Com. 387-8. Morton v. Lamb, 7 T. R. 125.
It has been attempted to sustain this motion, on the ground, that by the terms of the contract, the property in the cotton vested in the plaintiff, and that he thereby acquired the right of possession,'and the defendant a right of action for the price. But that rule only applies to cases, where the seller has done every thing that the contract requires of him. 2 Kent, 387. Now, the provision, that the defendant should deliver the cotton on a fixed day, and at an appointed place, precludes the idea, that he had done all that was required of him, and consequently the property did not vest.
If the question, as to the place where the demand ought to have been made, is to be solved by the agreement itself, there can be no doubt, but that it ought to have been made at the defendant’s gin-house ; for it was there that he was bound to deliver it, and it was not a thing which he was bound to carry, or could carry about his person. But putting the other questions out of the case, I should think the conversation between the parties superseded the necessity of making the demand there. The defendant then notified the plaintiff, that he would not deliver at any place; and that was a waiver, on his part, of an act, which would have been useless aud unavailing, and the law would not permit him to avail himself of a negligence, originating in his own act.
*367 Upon the whole matter, however, it appears to me, that the plaintiff having failed to tender the money, and make demand of the cotton at the time and place stipulated in the agreement, the defendant had the right to elect either to enforce the contract against him, or to consider it at an end, and dispose of it on his own account. Sands and Crump v. Taylor and Lovett, 5 Johns. 395.
Several other grounds were set down in the brief, and were noticed by counsel in argument. They do not, however, arise out of the evidence reported to us, but on the contrary,' are based on a statement of facts wholly inconsistent with that evidence. It is not, therefore, necessary to consider them here.
Colcock, J. concurred.
Nott, J. absent from indisposition.
Motion refused.